ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TWINSBURG APARTMENTS, INC., )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>AKRON METROPOLITAN HOUSING )<br>AUTHORITY, *et al.* )<br> )<br>Defendants. ) | **LEAD CASE:** 5:04CV2173<br>Consolidated Cases: 5:04CV2176,<br>5:04CV2174, 5:04CV2175, 5:04CV2177<br><br>Judge John R. Adams<br><br>MEMORANDUM OPINION & ORDER<br>[Resolving Doc. 26] |

This matter is before the Court on Counter-Defendant U.S. Department of Housing and Urban Development's ("HUD") Motion to Dismiss the counter-claim brought against it by Counter-Claimant Akron Metropolitan Housing Authority ("AMHA"). In its motion, HUD argues that dismissal is proper for lack of subject matter jurisdiction. The Court has reviewed the parties' briefing and finds that dismissal is appropriate because this action rests within the exclusive jurisdiction of the Claims Court under the Tucker Act.

The Tucker Act, which governs non-tort claims against the United States founded on the Constitution, federal statutes, executive regulations, or contracts with the United States, gives the Claims Court jurisdiction over all such claims. *A.E. Finley & Assoc., Inc. v. United States*, 898 F.2d 1165, 1166 (6th Cir. 1990) (citing 28 U.S.C. § 1491). It generally applies, however, only to actions against the United States for monetary damages. *Id.* Despite the Tucker Act's grant of jurisdiction to the Claims Courts for non-tort claims against the United States, the district court has concurrent jurisdiction over claims for $10,000 or less, unless the claim is founded upon a contract. *Id.* (citing 28 U.S.C. § 1346(a)(2)). A fundamental issue, therefore, with regard to

HUD's motion to dismiss is whether AMHA seeks money damages through its counter-claim, or whether it seeks non-monetary relief. AMHA argues that it seeks non-monetary relief, which makes jurisdiction in this Court proper. HUD, on the other and, argues that the relief AMHA seeks is indeed monetary. The Court agrees with HUD.

While it is true that AMHA seeks only declaratory relief on the face of its counterclaim, the Sixth Circuit has stated that "a party cannot circumvent the [Tucker Act's] jurisdiction by suing solely for declaratory or injunctive relief in a case where such relief is tantamount to a judgment for money damages." *Veda, Inc. v. U.S. Dep't of the Air Force*, 111 F.3d 37, 39 (6th Cir. 1997) (citations omitted). To determine whether AMHA seeks to circumvent the Tucker Act, the Court must look at its "prime objective." *Id.* If AMHA's prime objective "is simply to obtain money from the federal government, the case belongs in the federal claims court." *Id.* On the other hand, if AMHA's prime objective is to ask the Court to enforce a federal law or to "uphold the integrity of . . . federal statues and regulations," the Tucker Act would not apply and jurisdiction would be proper in this Court. *See id.* at 40.

Here, AMHA's "prime objective" appears to be indemnification. In is counterclaim, AMHA artfully requests declaratory relief, while carefully avoiding lightening-rod words such as "indemnification" and "money damages." That AMHA seeks indemnification from HUD, however, is clear. Although AMHA frames its counterclaim in terms of declaratory relief and carefully avoids any explicit reference to money damages or indemnity, it states that should it be found liable to the plaintiff for housing assistance payments, "HUD automatically would become obligated to [AMHA] for the amounts owed." (Counterclaim at ¶ 10). This language makes it apparent that AMHA filed its counterclaim against HUD in order to obligate HUD to it should

2

the Court rule in plaintiff's favor.  The Sixth Circuit not only prohibits such maneuvering, *Veda, Inc.*, 111 F.3d at 39, but the Tucker Act mandates dismissal because the amount to which HUD could potentially become obligated exceeds $10,000.  *A.E. Finley & Assoc., Inc.*, 898 F.2d at 1167.  Accordingly, AMHA's counterclaim is DISMISSED.

  IT IS SO ORDERED.

| | |
|---|---|
|  December 21, 2005 |  *s/John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |